IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD P. SMITH, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV506-016
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis, Jr. ("the ALJ" or "ALJ Davis") denying his claim for Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Supplemental Security Income on September 8, 2003, alleging that he became disabled on September 15, 2001,[1] due to a heart condition, a bad back, and seizures. (Tr. at 11-12). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On July 12, 2005, ALJ Davis

---

[1] Plaintiff had previously applied for disability benefits, alleging disability since September 15, 2001. That claim was denied initially and when Plaintiff took no further action, this denial became final and binding on all parties. The ALJ found that there was no good cause, new and material evidence, or other basis for reopening the prior application, and thus this decision remains final and binding on all parties. Thus, the ALJ's decision in the present case pertains only to the time period subsequent to the date of decision on the prior application, September 15, 2001. Accordingly, the earliest Plaintiff could have been found to be disabled was September 15, 2001.

AO 72A
(Rev. 8/82)

held a hearing at which Plaintiff appeared and testified. (Id. at 11). Paul Dolan, a vocational expert, also testified at this hearing. (Id.). ALJ Davis found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Id. at 12). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4).

Plaintiff, born on January 14, 1956, was forty-nine (49) years old when ALJ Davis issued his decision. He has an eighth grade education. (Tr. at 12). His past relevant work experience includes employment as a store clerk, janitor, construction worker, and yard worker. (Id. at 17).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404,

AO 72A
(Rev. 8/82)

Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of September 15, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 12). At step two, the ALJ determined that Plaintiff had borderline intellectual functioning, low back pain, degenerative disc disease of the lumbar spine, alcohol dependence in partial remission, pain disorder associated with both psychological factors and general medical conditions, and status post coronary artery disease, all impairments considered "severe" within the Act. (Tr. at 17). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff retains the residual functional capacity to perform light work with occasional stooping, crouching, climbing ramp/stairs but never climbing ropes, scaffolds, and ladders, and should avoid being around hazards, heights, and moving machinery. (Id.). At the next step, ALJ Davis concluded that Plaintiff's past relevant work was precluded by his residual functional

3

capacity. (Tr. at 18). Finally, the ALJ considered the testimony of the vocational expert, and concluded that based on Plaintiff's residual functional capacity, age, education, and work experience, there are a significant number of jobs in the national economy which Plaintiff is able to perform. (Tr. at 19). Accordingly, ALJ Davis found Plaintiff not disabled within the meaning of the Act. (Id.).

## ISSUES PRESENTED

I. Plaintiff contends that the ALJ failed to give proper weight to the opinions of his treating physicians.

II. Plaintiff alleges that the ALJ failed to apply the appropriate psychiatric review technique and failed to execute the psychiatric review technique form (PRTF).

III. Plaintiff contends that the ALJ erred in posing hypothetical questions to the vocational expert which assumed facts not found in the record.

IV. Plaintiff asserts that the ALJ failed to give proper credit to the testimony of Plaintiff and his sister regarding his allegations of pain.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

AO 72A
(Rev. 8/82)

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.    The ALJ Gave Proper Weight to the Opinions of the Treating Physicians**

Plaintiff contends that the ALJ erred in discounting the opinions of Dr. Eaton and Dr. Shutack, his treating physicians. Plaintiff asserts that while the ALJ found that he has the residual functional capacity to perform light work, Dr. Eaton "placed limitations on [Plaintiff] that would preclude him from doing light work." (Doc. No. 10, p. 9). Plaintiff asserts that this opinion is also supported by Dr. Shutack.

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor

5

v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

This Court finds that ALJ Davis had "good cause" to discount the opinions of Plaintiff's treating physicians. In discussing his evaluation of the medical evidence, ALJ Davis specifically articulated the standards by which he was to consider the opinions of treating physicians. (Tr. at 14-15). ALJ Davis stated that "[b]ased upon the entire record and in accordance with the cited cases, the undersigned discounts Dr. Eaton's and Dr. Shutack's medical opinions because their opinions are inconsistent with laboratory and clinical findings and unsupported by the overall objective evidence, including claimant's daily activities." (Id. at 15). The ALJ went through the specifics of the medical evidence presented by both physicians. He explained that although Dr. Shutack found Plaintiff to be "totally disabled due to his chronic low back pain" and although Dr. Eaton placed certain functional limitations on Plaintiff's abilities, the objective medical evidence indicated otherwise. ALJ Davis noted that a December 4, 2003 MRI "showed degenerative changes at multi-levels but there was proper alignment with no acute changes noted." He observed that Dr. Eaton had opined that Plaintiff's "coordination and station demonstrated no cerebellar problems or apparent balance disorders and there was no evidence of neurological deficits." (Id.). ALJ Davis noted that Plaintiff lived alone, kept house, did light cooking, walked his dog, went for rides, went fishing, helped a friend with grocery shopping, and occasionally visited his sister. (Id.). Finally, ALJ Davis found that Dr. Eaton's and Dr. Shutack's opinions were inconsistent with Plaintiff's "extensive activities

6

of daily living," which he found to be "not reflective of a person with disabling functional limitations." (Id.).

The ALJ found that the evidence, including clinical and laboratory findings and Plaintiff's daily activities, refuted the treating physicians' assessments, and he thus discounted their medical opinions. In sum, ALJ Davis had "good cause" not to give these opinions "substantial weight." See Edwards, 937 F.2d at 538.

## II. The ALJ Applied the Appropriate Psychiatric Review Technique

Plaintiff contends that he suffers from mental impairments, and that the ALJ failed to complete the required psychiatric review technique form (PRTF) and incorporate it into his analysis. (Doc. No. 10, p. 13). Social Security regulations require that the ALJ use a "special technique" when evaluating claims of mental impairment. The technique involves evaluations of the impairment's impact on four different functional areas. See 20 C.F.R. § 404.1520a(c)(3-4). Plaintiff asserts in pertinent part that:

> [w]here a Claimant has presented a colorable claim of mental impairment, Social Security regulations require the Administrative Law Judge to complete a psychiatric review technique form (PRTF), append it to the decision, *and* incorporate its mode of analysis into his Findings and Conclusions, and failure to do so requires remand. 20 C.F.R. §404.1520a(a).

(Doc. No. 10, p. 13) (emphasis added). However, neither the regulation nor the case law interpreting it require that the ALJ complete the actual form *and* incorporate the analysis into the findings. Instead, the regulation states, in reference to what documentation is required, that:

> At the initial and reconsideration levels of the administrative review process, we will complete a standard document to record how we applied the technique. At the administrative law

7

> judge hearing and Appeals Council levels (in cases in which the Appeals Council issues a decision), and at the Federal reviewing official, administrative law judge, and the Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, we will document application of the technique in the decision.
>
> . . .
>
> At the administrative law judge hearing and Appeals Council levels, and at the Federal reviewing official, administrative law judge, and the Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, the written decision must incorporate the pertinent findings and conclusions based on the technique.

20 C.F.R. §404.1520a(e)(2). Thus, it is clear that the regulation itself does provide that a standard document be used at the initial and reconsideration levels, but that at the ALJ hearing level, the application of the technique will merely be documented into the findings and conclusions of the decision itself. Furthermore, the Eleventh Circuit has held, contrary to Plaintiff's assertion, that in evaluating mental impairments, the ALJ must "complete a PRTF, append it to the decision, _or_ incorporate its mode of analysis into his findings and conclusions." Moore v. Barnhart, 405 F.3d 1208, 1213-1214 (11th Cir. 2005) (emphasis added).

Plaintiff alleges that the ALJ only "refers to a 'special procedure' in his decision, [but does] not follow the requirements and [does] not fill out the form." However, more than merely referring to a special procedure, the ALJ acknowledged his duty under the regulations, stating that "[b]ecause claimant has a mental impairment the regulations require that the administrative law judge must also follow a special procedure [w]hen evaluating the severity of mental impairments." (Tr. at 15). The ALJ then recognized the four areas of function listed in the regulations: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. He described the

8

process by which he is to rate the degree of functional loss resulting from the mental impairment, and described the conclusions that such ratings implicate. (Tr. at 15).

As to Plaintiff's mental impairments, the ALJ rated the resulting limitations as: a "mild" restriction of activities of daily living; "mild" difficulty in maintaining social functioning; "moderate" deficiency in concentration, persistence, or pace; and "no" repeated episodes of decompensation, each of extended duration. (Tr. at 15-16). The ALJ used these ratings to conclude that Plaintiff's mental impairments do not result in the degree of functional limitation required to satisfy the listings. (Tr. at 15). It is clear that the ALJ incorporated the appropriate PRTF mode of analysis into his findings, as required by Moore, and that Plaintiff's contentions to the contrary are without merit.

### III. The ALJ Did Not Err in His Hypothetical Questions to the Vocational Expert

Plaintiff contends that the ALJ erred in posing hypothetical questions to the vocational expert which assumed facts not found in the record. Plaintiff asserts that ALJ Davis incorrectly asked the vocational expert to "assume that Claimant can do a wide range of light work on a sustained basis with the proviso that he is precluded from work requiring more than occasional climbing, stooping and crouching and precluded from any climbing of ropes, scaffolds and ladders and his ability to maintain attention and concentration and ability to understand and carry out instructions is limited but satisfactory." (Doc. No. 10, p. 14-15; Tr. at 378-380). Plaintiff alleges that because Dr. Eaton and Dr. Shutack did not advise that Plaintiff could perform at this level, and instead recommended only limited sedentary work or no work at all, the ALJ erred in posing such a question to the vocational expert. (Doc. No. 10, p. 15).

9

The additional limitations that Plaintiff contends ALJ Davis should have considered were expressly rejected by the ALJ, as discussed *supra*. It is clear that the hypothetical questions that the ALJ poses to the vocational expert must comprehensively describe the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the hypothetical must only include limitations that are supported by the record. Turner v. Comm'r of Soc. Sec., 182 Fed. Appx. 946, 950 (11th Cir. 2006) (citing Jones, 190 F.3d at 1229). As explained above, substantial evidence supports the ALJ's discrediting of Dr. Eaton's and Dr. Shutack's opinions. The ALJ determined that Plaintiff was capable of performing a wide range of light work, so he appropriately used a vocational expert to testify as to whether the limitations would preclude Plaintiff from performing other jobs in the national economy. The vocational expert identified several jobs that Plaintiff could perform given his limitations. (Tr. at 19). Thus, the hypotheticals posed to the vocational expert were not in error.

## IV. The ALJ Properly Considered Testimony as to Plaintiff's Alleged Pain

Plaintiff contends that the ALJ's findings regarding his pain are not supported by substantial evidence. He also contends that the ALJ failed to properly consider the testimony of Plaintiff's sister, who "testified at length about [Plaintiff]'s pain." (Doc. No. 10, p. 16).

In order to establish a disability based on subjective testimony of pain and other symptoms, a claimant must satisfy the "pain standard," which requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity

10

>that it can be reasonably expected to give rise to the alleged pain.

Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). After considering a claimant's subjective testimony, the ALJ may reject his complaints as not creditable, and that determination will be reviewed for substantial evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citation omitted). If the ALJ does discredit the claimant's testimony, he must articulate "explicit and adequate reasons for this decision." Williams v. Barnhart, 140 Fed. Appx. 932, 935 (11th Cir. 2005) (citation omitted). Failure to articulate the reasons for discrediting a claimant's testimony means that the testimony must be accepted as true as a matter of law. Id.

In the instant case, ALJ Davis stated that he "considered the claimant's testimony and finds it not fully credible as to his alleged functional limitations." (Tr. at 16). The ALJ properly rejected Plaintiff's subjective testimony about his symptoms because substantial evidence existed in the record to determine that Plaintiff's claims were not credible to the extent he alleged. ALJ Davis noted Plaintiff's claims of "constant back pain" that he would rate as a "9 on a scale of 1 to 10." (Id.). The ALJ, however, found that the evidence simply does not support the fact that Plaintiff's pain could be of disabling proportions, noting that there is no evidence of nerve root impingement or neurological deficits. (Id.). The ALJ also noted Plaintiff's list of daily activities, which he found inconsistent with a disabling condition. (Id.). ALJ Davis systematically articulated "explicit and adequate reasons" for discrediting Plaintiff's allegations of completely disabling symptoms. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). It is clear that substantial evidence existed in the record to determine that Plaintiff's subjective testimony was not wholly credible.

AO 72A
(Rev. 8/82)

Finally, the ALJ did not err in discrediting the testimony of the lay witness regarding Plaintiff's complaints of pain. Both Plaintiff and his sister offered complimentary testimony as to Plaintiff's alleged disabilities. The Eleventh Circuit does not require an explicit finding as to credibility, but the implication must be obvious to the reviewing court. Dyer, 395 F.3d at 1210. Although the ALJ in the instant case made no specific finding as to the credibility of the sister's testimony, her testimony was to the same effect as that of the Plaintiff, which the ALJ specifically found not credible. Thus, in light of the ALJ's ultimate finding of no disability, the implication is obvious that the ALJ did not find the sister's testimony to be credible. See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th 1983) (citing Allen v. Schweiker, 642 F.2d 799 (5th Cir. 1981)). Accordingly, the ALJ properly considered all of the evidence and substantial evidence supports the ALJ's finding of not disabled.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 27th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE