FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 24 PM 5: 31

CLERK _____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICHARD P. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV506-016 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff contends that the Magistrate Judge should have found error in the Administrative Law Judge's discredit of Plaintiff's treating physicians. Plaintiff asserts that the ALJ's determination that Plaintiff can perform light work and that Plaintiff is not disabled is not supported by substantial evidence.

Plaintiff first takes issue with the Magistrate Judge's determination that the ALJ's residual functioning capacity (RFC) assessment was supported by substantial evidence. Plaintiff asserts that "[t]he issue which the Magistrate does not address in his report is that no doctor who treated or examined Plaintiff found that he can do light work." (Doc. No. 14, p. 1). Plaintiff points to the opinions of Dr. Eaton and Dr. Shutack, the treating physicians,

who "placed limitations on Plaintiff that would preclude light work." (Doc. No. 14, p. 2). Plaintiff asserts that "[n]either one of these doctors found that Plaintiff can do light work and no other doctor who saw Plaintiff said that he can do light work." (Id.).

Plaintiff appears to contend that because no doctor pronounced him able to do light work, the ALJ is precluded from making an RFC determination that includes light work. However, this is simply not the case. Determining a Social Security applicant's RFC is an administrative decision that is the responsibility of the Commissioner. 20 C.F.R. § 404.1527(e)(2). The RFC is an *administrative* finding, not a *medical* opinion. Plaintiff's treating physicians provide medical evidence, they do not make administrative findings. Medical sources do not make conclusions about a plaintiff's RFC or whether he is disabled under the Act, and if they do, the Commissioner is not required to give any special significance to those statements. 20 C.F.R. § 404.1527(e)(3). Thus, Plaintiff's contention that "[t]he ALJ is not a doctor" and that "[the ALJ] can say what the medical evidence is but he cannot draw his own medical conclusions about that evidence" mischaracterizes the RFC assessment as a "medical conclusion" when it is in reality an administrative conclusion completely within the purview of the ALJ's responsibilities.

In making an RFC determination on behalf of the Commissioner, the ALJ must consider all relevant evidence in the record, including the opinions and statements by all medical sources. 20 C.F.R. §§ 404.1545(a), 404.1564. In the instant case, the ALJ indeed considered the medical evidence of record in making his RFC assessment. ALJ Davis considered Dr. Eaton's and Dr. Shutack's opinions that plaintiff was disabled and that he had certain functional limitations, but concluded that the balance of the objective medical evidence was inconsistent with those opinions. The ALJ considered diagnostic testing,

2

other medical conclusions of the treating physician, and primarily Plaintiff's daily activities in concluding that Plaintiff retained the RFC to perform light work.

Plaintiff next alleges that the Magistrate Judge improperly relied on <u>Lewis v. Callahan</u>, 125 F.3d 1436 (11th Cir. 1997), stating in part that the case "directly contradicts" the Magistrate's finding and that the case actually "state[s] a principle that the Administrative Law Judge and the Magistrate have ignored." (Doc. No. 14, p. 4). <u>Lewis</u> was cited by the Magistrate Judge as illustrating what constitutes "good cause" for discounting the opinion of a treating physician, namely "where the opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record." (Doc. No. 12, p. 5). Plaintiff goes beyond this narrow statement of law and delves into the <u>Lewis</u> court's finding in that particular case that the ALJ improperly discounted his treating physicians' opinions and made an RFC determination not based on substantial evidence. Plaintiff contends that since the <u>Lewis</u> ALJ's reliance on one graded exercise test and the claimant's housework and fishing activity was not enough to support an RFC for sedentary work, then the ALJ in this case could not have relied on only an MRI and Plaintiff's daily activities in finding an RFC for light work. Plaintiff asserts that the facts of <u>Lewis</u> "parallel almost exactly the facts in Plaintiff's case."

This Court cannot agree, as Plaintiff ignores several facts that distinguish the two cases. First, the <u>Lewis</u> ALJ discounted the consistent opinions of three treating physicians and instead gave weight to the opinion of a consultative physician. The Eleventh Circuit, however, determined that this consultative physician made a "misdiagnosis" and that his other conclusions were completely based upon that misdiagnosis, and thus questioned the reliability of the consultative physician's findings. <u>Lewis</u> at 1441. Second, without that

3

medical opinion, the <u>Lewis</u> ALJ had as evidence of his RFC determination one six-minute treadmill test and the fact that Mr. Lewis did house work and fished. <u>Id.</u>  Conversely, in Plaintiff's case, the ALJ relied upon an MRI that showed proper alignment of his back.  The ALJ also relied upon Dr. Eaton's finding that Plaintiff had no balance, cerebellar, or neurological problems.  Further, in addition to doing housework and fishing, Plaintiff also lived alone, cooked, walked his dog, went for rides, helped a friend with grocery shopping, and visited his sister.  These daily activities appear more extensive than the two "everyday activities of short duration" that the <u>Lewis</u> Court found inadequate to support that ALJ's finding.  It was entirely reasonable for the ALJ to conclude that Plaintiff's activities, which he found to be *extensive* activities of daily living, were at odds with Dr. Eaton's and Shutack's opinions that Plaintiff could not even at most perform light work.  The decision of the ALJ is sufficient for the Court to determine that the finding of no disability is supported by substantial evidence.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 24th day of January, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)